# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-CR-336 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| MAURICE L. EMERY, | |
| Defendant(s). | |

Presently before the court is the matter of *United States v. Emery*, case number 2:16-cr-00336-JCM-NJK.

On October 12, 2018, the parties appeared before the court for a status check and revocation hearing pertaining to defendant Maurice Lashon Emery's supervised release, which commenced on July 15, 2016. At that hearing, the parties discussed defendant's history of using controlled substances in violation of his terms of supervised release. The parties also informed the court that defendant has a stable job, pays his bills, has support from his wife, and is taking multiple classes in accordance with his state supervised release.

Pursuant to 18 U.S.C. § 3583(e)(1), the court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate probation after one year in the interests of justice. 18 U.S.C. § 3583(e)(1).

Considering the above-mentioned factors, the court finds no reason to continue defendant on supervised release. Defendant is not amenable to federal supervision and, with approximately one month remaining, it would be futile to require defendant to complete his term of supervised release. State supervision, which in this case includes greater checks and incentives, would be more likely to help defendant become a well-functioning member of society. Lastly, placing

**James C. Mahan**
**U.S. District Judge**

defendant into custody would only frustrate the court's policy of providing defendant with the most effective "correctional treatment." 18 U.S.C. § 3553(a)(2)(D).

Accordingly,

IT IS SO ORDERED.

DATED October 12, 2018.

_____
UNITED STATES DISTRICT JUDGE